Bradford v. Bee Building Co.

---

IDA BRADFORD, ADMINISTRATRIX, APPELLANT, v. BEE BUILD-ING COMPANY, APPELLEE.

FILED NOVEMBER 27, 1912.   No. 16,822.

Master and Servant: ASSUMPTION OF RISK. It is the duty of the em-ployer to furnish a reasonably safe place for his employee to work, but if a machine which is a necessary part of the equip-

ment is unsafe, because not sufficiently protected to prevent contact with it, and the employee has full knowledge of its condition and takes charge thereof with the other machinery, without objection, and is injured by coming in contact with the exposed machine, he will be held to have assumed the risk of such injury.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*W. W. Slabaugh,* for appellant.

*Greene, Breckenridge, Gurley & Woodrough,* contra.

SEDGWICK, J.

In the basement of the Bee building in Omaha there is complicated machinery, including dynamos, commutators and generators for furnishing power to printing presses and other machinery in the building, and for furnishing light to the various other occupants of the building. For ventilating the basement there was placed therein a fan, described by the parties as a large section fan with arms like a boat propeller, which ran about one-half inch from the two cross-bars, one perpendicular and the other horizontal, into which, at their junction, the pivot of the fan revolved. There was no screen or guard or protection over the fan, except these two bars crossing before it at right angles to each other. Bradford was an employee of the defendant company in the capacity of an electrical engineer. While in that employment he passed in front of this fan, and alleged that his hand was brought into the fan and injured. He brought this action in the district court for Douglas county to recover the damages sustained Upon the close of the plaintiff's evidence, the defendant moved the court for an instruction to find in its favor. The court instructed the jury to find a verdict in favor of the defendant, and the plaintiff has appealed.

The fan revolved rapidly, and had great power, to remove the air from the basement and force it out of the building. The first contention is that the defendant was

negligent in not further protecting the fan; that the fan was a dangerous instrument, and should have been covered with a screen or otherwise so protected as to prevent the employees of the defendant from coming into contact with it. It is, of course, the duty of an employer to furnish his employees with a safe place in which to work, and there appears to be sufficient evidence in this record from which the jury might have found that the defendant had failed in this respect. The duty of the employer to furnish a safe place for his employees to work is an important one. He has the control of such matters, and is in a position to know whether his building and machinery are properly constructed and guarded. If we conclude that this fan should have been covered, and that the defendant was negligent in that regard, we still have the questions of assumption of risk and contributory negligence to determine. These questions have been before the courts everywhere very often, and this court has frequently considered them. Some propositions governing their applications in actions for personal injuries have been so firmly settled in the earlier decisions that the courts are not now at liberty to overturn them. If the law, as it has long been established in this state, is unjust to the employee, it devolves upon the people through the legislature to correct it. Under the law, as it now is, even if a machine or instrument is imperfect and dangerous, an employee who without objection, uses it with full knowledge of its condition assumes the risk of injury in its use. And, when the employer is guilty of negligence causing injury to the employee, he is not liable in damages if the employee is also guilty of negligence directly contributing to the injury.

Applying the so long-established principles of law the plaintiff's case must fail. Mr. Bradford was an electrical engineer of 20 or more years' experience. It was because of this experience that he was entrusted with the management of this complicated machinery. Mr. Parker was his superior; but, when Mr. Parker was away, Mr. Bradford was in full charge and control of the room and machinery.

This was generally the case in the evening and fore part of the night, and Mr. Bradford was alone in charge when the accident happened. At such times this fan ran for his benefit, if it ran at all. He was not accustomed to keep it running when he was alone in the evening. Generally, Mr. Parker turned it off when he left the building in the afternoon. When he failed to do so, Mr. Bradford turned it off himself. He says that on this occasion he did not know it was running; but it was his duty to know and to determine for himself whether it should continue to run. He discovered that something was wrong in the electric machinery, and had been directed to attend to such matters at once, and instructed that great danger to the machinery and building might result almost instantly if the generators or other electrical machinery became out of order. There was a narrow passageway in front of this fan, which he says was some eight feet shorter way to the machinery, where he had observed trouble, than the passageway usually used. In his haste to remedy the fault in the machinery, he took the shorter way, which was dangerous, and while passing the fan his hand was drawn into it by the air. If he was not himself negligent in carrying his hand so close to the fan, the danger was certainly easily avoidable. He knew all of the existing conditions. The apprehended danger to the electrical machinery was not so imminent as to justify risking human life or limb to remedy it, and yet he rushed by the fan and placed his hand where it was injured thereby. The fan was a part of the permanent equipment of the building. He undertook to manage it with the rest of the apparatus, and made no objection on account of any supposed dangerous condition. Either he allowed himself unnecessarily to become so unreasonably excited as to fail to use his senses, or else he deliberately assumed the risk of accident. In either case, under the long-established law of this state, he cannot hold his employer liable for the consequences.

This action now appears in the name of the administratrix of his estate. It is said that since the trial below Mr.

Bradford has died. The defendant questions this statement, and raises questions as to the regularity of the appeal to this court. We have preferred to dispose of the case upon its merits. The evidence was not sufficient to support a verdict for plaintiff, and the court was right in directing a verdict for defendant.

AFFIRMED.